UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY HARRISON SHABAZZ, et al., | No. 2:25–cv–02810–DJC-SCR |
| Plaintiffs, | ORDER |
| v. | |
| MERCY SAN JUAN MEDICAL CENTER, et al., | |
| Defendants. | |

Plaintiff[1] is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the court is Plaintiff's motion for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). ECF No. 2.

The motion makes an insufficient showing to proceed in forma pauperis ("IFP"). The Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff

---

[1] Plaintiff Tiffany Harrison Shabazz is the only person who has signed the complaint and purports to bring the complaint on behalf of four minor children. However, a pro se plaintiff cannot represent others pro se, even minor children. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.").

1

seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal citation and quotation omitted).

Plaintiff states she has monthly income of $4,500 ($2,700 from employment, and $1,800 from "death benefits"). ECF No. 2 at 1-2. Plaintiff states that she supports three minor children. ECF No. 2 at 3. Plaintiff does not list a total for monthly expenses, but if the individual amounts are tallied, it is $7,133. However, this includes $3,000 for "recreation, entertainment, newspapers, magazines, etc." *Id*. at 4. If Plaintiff is expending $3,000/month on recreation and entertainment, that does not support a finding that she qualifies for IFP status. *See Kamau v. Ertifai*, 2025 WL 2373718, * 2 (D. Az. Aug. 14, 2025) ("Ultimately, although the disclosed monthly expenses are greater than the disclosed monthly income, it does not appear that all of the disclosed monthly expenses fall within the 'necessities of life' that justify IFP status."); *Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, at *2 (E.D. Cal. July 3, 2025) ("Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses."). However, there is a later indication on the form that she paid $3,000 for "cheer expenses," in February 2025, so perhaps Plaintiff incorrectly included that amount as a monthly expense.

Plaintiff's motion will therefor be denied. However, Plaintiff may, if she chooses, file a renewed motion to proceed IFP. If she does so, Plaintiff shall take care to fully complete the form, including listing a total monthly income, and total *monthly* expenses.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed IFP (ECF No. 2) is DENIED without prejudice.
2. Plaintiff may file a renewed motion to proceed IFP that addresses the issues set forth herein within 21 days of the date of this Order.
3. Alternatively, Plaintiff may pay the filing fee.

////
////
////
////

1      4. If Plaintiff does not supplement the application or pay the filing fee within 21 days,
2      the Court may recommend that this action be dismissed.
3    IT IS SO ORDERED.
4  DATED: October 14, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE