UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY HARRISON SHABAZZ, et al., | No. 2:25-cv-02810-DJC-SCR |
| Plaintiffs, | |
| v. | ORDER |
| MERCY SAN JUAN MEDICAL CENTER, et al., | |
| Defendants. | |

Plaintiff Tiffany Harrison Shabazz is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). In response to the Court's Order (ECF No. 3), Plaintiff has filed a renewed motion for leave to proceed in forma pauperis ("IFP") and has submitted a declaration listing her income and expenses and averring an inability to pay the costs of this proceeding. The motion to proceed IFP (ECF No. 4) will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I.   SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.  The Complaint

Plaintiff's complaint is scarcely one page in length. ECF No. 1. It names as Defendants the Mercy San Juan Medical Center and Heather Cortez, a licensed clinical social worker. Plaintiff states that the "Plaintiffs are the surviving spouse and minor children of Iman Shabazz" and the caption lists as Plaintiffs Shabazz, Harold Richardson, N.S., M.S., and I.S. Plaintiff alleges that Iman Shabazz died as a result of neglect, abuse, and inadequate medical care while under the supervision of Defendants. *Id.* at 1. The complaint does not contain a statement as to jurisdiction or venue. Plaintiff lists four causes of action: 1) wrongful death; 2) elder abuse/neglect; 3) negligence; and 4) civil rights violations under 42 U.S.C. § 1983. ECF No. 1 at 1. The complaint seeks monetary damages.

C.  Analysis

Plaintiff's complaint does not comply with Rule 8 in that it fails to allege jurisdiction. However, Plaintiff asserts a violation of § 1983, and the court would have federal question jurisdiction over such claim. Plaintiff also does not allege venue. Under 28 U.S.C. § 1391(b), venue is proper in:

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

3

Plaintiff has not alleged the residency of the Defendants, and Plaintiff's listed address is in Washington state. It may be that the "Mercy San Juan Medical Center" referenced in the complaint is the facility by that name located in the Sacramento area, but such is not clear from the complaint.

Another issue with Plaintiff's complaint, is she purports to bring the action on behalf of four other people, her children. Plaintiff cannot represent others pro se. As Plaintiff has disclosed Harold Richardson's name and written (2002) after his name, it appears he is no longer a minor. He could thus join the action and represent himself pro se if he so chooses, though if so he must sign all pleadings along with Plaintiff. Plaintiff cannot represent the three minor children pro se. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."). Plaintiff must retain a lawyer to represent her minor children.

The complaint also fails to state a claim or to put Defendants adequately on notice of the claims against them. The allegations are conclusory. There are no dates pled, and no description of the facts at issue, just the conclusion that neglectful or inadequate medical care was provided. The causes of action are simply labels – "negligence" or "civil rights violation." A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If Plaintiff is asserting a claim under § 1983, she must describe the constitutional or federal statutory right allegedly infringed. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). The elements of a claim under § 1983 are: 1) that the defendants were acting under color of state law; and 2) that defendants deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993

4

F.3d 1134, 1144 (9th Cir. 2021).  Plaintiff has not sufficiently alleged that either the defendant hospital or social worker is a state actor.  Generally, private parties are not acting under color of state law.  *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Plaintiff has not alleged sufficient factual content to state a claim.  However, given the vagueness and brevity of the factual allegations, rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).

1  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
2  of each defendant must be sufficiently alleged.
3  Plaintiff's amended complaint must address the issues set forth herein.  Plaintiff merely
4  writing "negligence" or "civil rights violations" as she did in the original complaint is not
5  sufficient to state a claim.  Plaintiff must allege enough facts in support of her claims to state a
6  claim to relief that is plausible on its face. !

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 4) is GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: November 3, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6