UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY HARRISON SHABAZZ, | No.  2:25-cv-02810-DJC-SCR |
| Plaintiffs, | |
| v. | ORDER |
| MERCY SAN JUAN MEDICAL CENTER, et al., | |
| Defendants. | |

Plaintiff Tiffany Harrison Shabazz is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court is Plaintiff's First Amended Complaint (FAC) (ECF No. 6) for screening pursuant to 28 U.S.C. § 1915.  For the reasons provided below, the Court finds Plaintiff's FAC is legally deficient and will grant Plaintiff leave to file a Second Amended Complaint.

**I.      Background and Procedural History**

Plaintiff filed this action on September 29, 2025.  The initial complaint was one-page in length and asserted four causes of action in a conclusory manner: wrongful death, elder abuse, negligence, and civil rights violations.  ECF No. 1.  The Court granted Plaintiff's motion to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2).  ECF No. 5.  The Court found the complaint failed to comply with Rule 8, failed to properly allege

1

jurisdiction or venue, was conclusory, and that Plaintiff improperly sought to bring claims pro se on behalf of her minor children.  ECF No. 5 at 3-4.

The Court granted leave to amend and informed Plaintiff that if she chose to amend, she must address the issues set forth in the screening order.  *Id.* at 6.  Plaintiff filed the FAC, which is now before the Court for screening pursuant to 28 U.S.C. § 1915(e).

**II.      Screening**

A.      <u>Legal Standard</u>

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

2

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.      The FAC

Plaintiff's FAC has addressed several of the deficiencies discussed in the prior screening order. Plaintiff's FAC is now brought solely on her own behalf. ECF No. 6 at 1 ("All minors previously listed as plaintiff have been removed."). The FAC asserts jurisdiction based on 28 U.S.C. § 1331 and 42 U.S.C. § 1983. *Id*. Plaintiff alleges that venue is proper because all events occurred in this District. *Id.* at 2. Plaintiff states that Defendant Mercy San Juan Medical Center ("Medical Center") is a hospital in Carmichael, California, and that Defendant Heather Cortez is a licensed clinical social worker who was involved in the care of Iman Shabazz, Plaintiff's deceased husband. *Id.* at 2.

Plaintiff alleges that her husband was hit by a vehicle and transported to the Medical Center in April 2021. ECF No. 6 at ¶ 8. Plaintiff alleges that her husband remained competent in May 2021, and that Plaintiff was his "sole emergency contact." *Id*. at ¶¶ 9-13. Plaintiff claims

3

that Defendant Cortez ignored Plaintiff's legal status, relied on unverified allegations from her husband's sisters, and repeated false claims about Plaintiff. *Id*. at ¶ 15. Plaintiff states she was "replaced" by the sisters and denied access to her husband by Defendants. Plaintiff alleges this led to her husband's discharge to a person identified only as "Windsor" and that her husband was malnourished, dehydrated, and had bedsores and infection. *Id*. at ¶ 22.

Plaintiff asserts six causes of action. First, Plaintiff brings two counts under § 1983: 1) interference with right to familial association in violation of the Fourteenth Amendment; and 2) violation of Due Process. *Id*. at ¶¶ 24-32. Plaintiff then brings four causes of action under state law: 1) negligence; 2) survival action under California Code of Civil Procedure ("CCP") 377.30; 3) wrongful death under CCP 377.60; and 4) intentional infliction of emotional distress. Plaintiff seeks compensatory and punitive damages.

C.     Analysis

Plaintiff's FAC has addressed the Rule 8 defects. It now pleads jurisdiction and includes a request for relief. However, Plaintiff's § 1983 claims fail to state a claim due to lack of state action and appear to be time barred. To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The elements of a claim under § 1983 are: 1) that the defendants were acting under color of state law; and 2) that defendants deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Plaintiff has not sufficiently alleged that either the defendant hospital or social worker is a state actor. Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

Plaintiff alleges that Defendant Medical Center "is a hospital" and that Cortez is a licensed clinical social worker. ECF No. 6 at 2. A private hospital and its employee would generally not be considered state actors, or acting under color of law. *See Sutton v. Providence St. Joseph Med. Center*, 192 F.3d 826 (9th Cir. 1999) (medical center was not acting under color

4

of law).  However, there are rare circumstances in which a private hospital and its employees could be considered state actors.  *See Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742 (9th Cir. 2020) (private hospital and its employees were acting under color of state law in participating in involuntary commitment proceedings).  Plaintiff has not alleged facts demonstrating that either Defendant was acting under color of law.

Additionally, "[a]ll § 1983 suits must be brought within a State's statute of limitations for personal-injury actions." *Nance v. Ward*, 597 U.S. 159, 174 (2022).  In California, the statute of limitations for a § 1983 action is two years.  *See Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024).  The dates alleged in the FAC are in April and May of 2021.  ECF No. 6 at ¶¶ 8, 11, & 12.  This action was not filed until more than four years later, in September 2025.  Thus, in the absence of tolling, Plaintiff's § 1983 claims appear to be time-barred.  Plaintiff has not alleged facts demonstrating that the statute of limitations should be tolled.

Plaintiff's state law claims for 1) negligence; 2) survival action under California Code of Civil Procedure ("CCP") 377.30; 3) wrongful death under CCP 377.60; and 4) intentional infliction of emotional distress, all appear to have a statute of limitations of less than four years.  Negligence and wrongful death actions under California law are generally subject to a two-year statute of limitations.  CCP § 335.1.  "Under California law, there is a two-year statute of limitations for intentional infliction of emotional distress claims." *Soliman v. CVS RX Serv., Inc.*, 570 F.App'x 710, 711 (9th Cir. 2014), citing CCP § 335.1.

A claim may be dismissed for failure to state a claim when it is apparent from the face of the complaint that it is barred by the applicable statute of limitations.  *See Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010).  Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Plaintiff's FAC does not allege facts demonstrating state action, or action under color of law, on behalf of the Defendants.  It also appears that the claims are time-barred, and Plaintiff

has not alleged facts showing a basis for equitable or statutory tolling.  The Court concludes that an additional opportunity to amend to attempt to address these defects is appropriate, and will provide Plaintiff leave to amend.

## II.  AMENDING THE COMPLAINT

If Plaintiff chooses to amend the complaint, it must contain a short and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein.  Plaintiff must allege facts satisfying the state action requirement for her § 1983 claims.  Plaintiff must also allege facts addressing the Court's concern that the claims are time-barred.  Plaintiff must allege sufficient factual content in support of her claims to state a claim to relief that is plausible on its face.

!

6

III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff **shall have 30 days from the date of this order** to file a <u>Second Amended Complaint</u> that addresses the defects set forth above.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

2.  Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

3.  The Clerk of the Court shall terminate from the docket Harold Richardson, N.S., M.S., and I.S. as they are no longer parties to this action.

SO ORDERED.

DATED: March 18, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

7