UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY HARRISON SHABAZZ,<br>Plaintiffs,<br>v.<br>MERCY SAN JUAN MEDICAL CENTER, et al.,<br>Defendants. | No. 2:25-cv-02810-DJC-SCR<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff Tiffany Harrison Shabazz is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Plaintiff's Second Amended Complaint ("SAC") (ECF No. 8) for screening pursuant to 28 U.S.C. § 1915. For the reasons provided below, the Court now recommends that the SAC be dismissed without further leave to amend and this case closed.

**I. Background and Procedural History**

Plaintiff filed this action on September 29, 2025. The complaint was one-page in length and asserted four causes of action in a conclusory manner: wrongful death, elder abuse, negligence, and civil rights violations. ECF No. 1. The Court granted Plaintiff's motion to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 5. The Court found the complaint failed to comply with Rule 8, failed to properly allege

jurisdiction or venue, was conclusory, and that Plaintiff improperly sought to bring claims pro se on behalf of her minor children. ECF No. 5 at 3-4.

The Court allowed leave to amend and told Plaintiff that if she chose to amend, she must address the issues set forth in the screening order. *Id.* at 6. Plaintiff filed a first amended complaint (FAC). ECF No. 6. Plaintiff's FAC addressed several of the deficiencies discussed in the prior screening order. Plaintiff's FAC was brought solely on her own behalf. ECF No. 6 at 1 ("All minors previously listed as plaintiff have been removed."). The FAC asserted jurisdiction based on 28 U.S.C. § 1331 and 42 U.S.C. § 1983. *Id*. Plaintiff alleged that venue was proper because all events occurred in this District. *Id.* at 2. Plaintiff stated that Defendant Mercy San Juan Medical Center ("Mercy San Juan") is a hospital in Carmichael, California, and that Defendant Heather Cortez is a licensed clinical social worker involved in the care of Iman Shabazz, her deceased husband. *Id.* at 2.

Plaintiff alleges that her husband was hit by a vehicle and transported to Mercy San Juan in April 2021. ECF No. 6 at ¶ 8. Plaintiff alleged that her husband remained competent in May 2021, and that Plaintiff was his "sole emergency contact." *Id*. at ¶¶ 9-13. Plaintiff claimed that Defendant Cortez ignored Plaintiff's legal status, relied on unverified allegations from her husband's sisters, and repeated false claims about Plaintiff. *Id*. at ¶ 15. Plaintiff stated she was "replaced" by the sisters and denied access to her husband by Defendants. Plaintiff alleges this led to her husband's discharge to Windsor and that her husband was malnourished, dehydrated, and had bedsores and infection. *Id*. at ¶ 22.

Plaintiff asserted six causes of action in the FAC. First, two counts under § 1983: 1) interference with right to familial association in violation of the Fourteenth Amendment; and 2) violation of Due Process. *Id.* at ¶¶ 24-32. Plaintiff also brought four causes of action under state law: 1) negligence; 2) survival action under California Code of Civil Procedure ("CCP") 377.30; 3) wrongful death under CCP 377.60; and 4) intentional infliction of emotional distress.

The Court issued a screening order finding that the FAC failed to state a claim and the claims appeared to be time-barred. ECF No. 7 at 4. Plaintiff was informed that she had not adequately pled state action, or a basis for tolling the statute of limitations. *Id*. at 4-5. Plaintiff

was allowed leave to amend to address these deficiencies. *Id*. at 6. Plaintiff timely filed a second amended complaint ("SAC") that is now before the Court for screening pursuant to 28 U.S.C. § 1915(e).

**II. Screening**

A. <u>Legal Standard</u>

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the

court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. <u>The SAC</u>

Plaintiff's SAC names the same two Defendants as the FAC (Mercy San Juan Medical Center & Heather Cortez), and now also appears to add Dignity Health, as the entity operating Mercy San Juan. ECF No. 8 at 2. Plaintiff asserts only two causes of action: 1) interference with protected familial relationship under 42 U.S.C. § 1983; and 2) negligence. *Id.* at 8.

Plaintiff alleges that her husband was involved in a serious accident and admitted to Medical Center in April 2021. ECF No. 8 at ¶ 9. Plaintiff's allegations primarily concern her husband's hospitalization in the April and May 2021 time-period. *See, e.g.,* ECF No. 8 at ¶¶ 13, 16, 17, 19, 20. Plaintiff now includes a section of her pleading entitled "equitable tolling." *Id.* at ¶¶ 42-59. Therein, Plaintiff states that she was "actively engaged" in the care of her husband until February 2022, and at that time he was released into her care. *Id*. at ¶ 44. Plaintiff claims that other family members then initiated legal proceedings to try to remove him from her care, and those proceedings lasted until April 2023. *Id*. Plaintiff further alleges that after her husband passed away she "experienced severe emotional trauma" and was thereafter unable to effectively communicate and organize her thoughts. *Id*. at ¶¶ 47-49. Plaintiff references exhibits Q and R in support of her claims of emotional distress. ECF No. 8 at P 53. These are two medical records, one from November 2023, and the other from April 2025. The November 2023 note states that

she is being assessed for abdominal pain and anxiety and depression. ECF No. 8 at 47. The notes states Plaintiff is having a current episode of "major depressive disorder without psychotic features." *Id*. The April 2025 note is from an "endoscopy center" and reflects that Plaintiff had a procedure to assess abdominal pain. ECF No. 8 at 50. There is no mention in that note of mental health issues.

Plaintiff's SAC also includes a section entitled "state action." Therein she asserts that Defendants exercised authority over care decisions, restricted patient access, and that Defendant Cortez "directed that Plaintiff's contact be blocked." ECF No. 8 at ¶¶ 60-62. Plaintiff alleges that Defendants "relied on and adopted directives from private individuals as if they carried legal authority." *Id*. at ¶ 64. Plaintiff alleges that "[b]y doing so, Defendants engaged in joint action and exercised powers traditionally reserved to the state." *Id*. at ¶ 65.

C. Analysis

The allegations in Plaintiff's SAC are insufficient to address the Court's concerns in the prior screening order (ECF No. 7) regarding the statute of limitations and absence of state action. Plaintiff's § 1983 claims fail to state a claim due to lack of state action and are time barred. To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The elements of a claim under § 1983 are: 1) that the defendants were acting under color of state law; and 2) that defendants deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Plaintiff has not sufficiently alleged that any of the Defendants are state actors. Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

The three Defendants are a medical center, Dignity Health which operates the medical center, and a social worker who works at the medical center. ECF No. 8 at ¶¶ 5-7. A private hospital and its employee would generally not be considered state actors, or acting under color of law. *See Sutton v. Providence St. Joseph Med. Center*, 192 F.3d 826 (9th Cir. 1999) (medical

center was not acting under color of law). However, there are rare circumstances in which a private hospital and its employees could be considered state actors. *See Rawson v. Recovery Innovations, Inc*., 975 F.3d 742 (9th Cir. 2020) (private hospital and its employees were acting under color of state law in participating in involuntary commitment proceedings). Plaintiff has not alleged facts demonstrating that any Defendant was acting under color of law. Plaintiff's allegations on "state action" in Paragraphs 60 to 66A are largely conclusory. Plaintiff also attempts to plead "joint action" by alleging that Defendants "adopted directives from **private** individuals." ECF No. 8 at ¶¶ 64-65 (emphasis added). Thus, Plaintiffs allegations are that the private-actor Defendants adopted the directions of other private actors (from the pleadings in this case presumably other family members). This is not a factual allegation of joint action with a state actor.

Additionally, "[a]ll § 1983 suits must be brought within a State's statute of limitations for personal-injury actions." *Nance v. Ward*, 597 U.S. 159, 174 (2022). In California, the statute of limitations for a § 1983 action is two years. *Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024). Plaintiff alleges that her husband was admitted to Defendant's hospital in April 2021. ECF No. 8 at ¶ 9. Plaintiff alleges that her husband was released into her care in February 2022. *Id*. at ¶ 44. After that time, Plaintiff was participating in court proceedings concerning his care and placement until April 2023. *Id*. Plaintiff alleges that after her husband died, she "experienced severe emotional trauma." *Id*. at ¶ 48. She states that she experienced "difficulty speaking, organizing thoughts, and functioning." *Id.* at ¶ 49. Plaintiff also had to care for her adult son who suffered a self-inflicted injury. *Id*. at ¶ 50. Plaintiff contends these events impaired her ability to pursue legal action, and also that she thought the statute of limitations was three years. *Id.* at ¶¶ 54, 57.

Plaintiff's mistaken belief that the statute of limitations was three years does not toll the statute of limitations. The statute is also not tolled by the allegation that Plaintiff was preoccupied by other legal proceedings concerning her husband's care and placement.

It may be that Plaintiff is attempting to allege that due to her "severe emotional trauma" and "difficulty functioning," she lacked capacity to bring the suit in a timely manner. California

Code of Civil Procedure 352(a) provides, in relevant part, that if a person entitled to bring an action "is, at the time the cause of action accrued … lacking the legal capacity to make decisions, the time of disability is not part of the time limited for the commencement of the action." This statute sets a high bar for equitable tolling. In order to qualify, a person must be "incapable of caring for his property or transacting business or understanding the nature or effects of his acts." *Alcott Rehab. Hosp. v. Superior Court*, 112 Cal.Rptr.2d 807, 812 (2001) (citations omitted). "Even a person who is adjudged mentally ill [for commitment purposes] may nevertheless be capable of transacting business and carrying out his affairs, either during occasional lucid intervals or throughout his hospitalization." *Ortega v. Flores*, 2023 WL 4771178 at *8 (N.D. Cal. July 26, 2023) (citing *Hsu v. Mt Zion Hosp*., 259 Cal.App.2d 562 (Cal. Ct. App. 1968)). Incapacity must exist at the time the claims accrue, and once the cause of action accrues, no later disability suspends it. *Ortega*, 2023 WL 4771178 at *8 citing *Larsson v. Cedars of Lebanon Hosp*., 97 Cal.App.2d 704, 707 (Cal. Ct. App. 1950); see also *Calloway v. Scribner*, 2014 WL 6819872 at *3 (E.D. Cal. Dec. 2, 2014) ("mental incompetency that arises after a cause of action has accrued does not toll the statute of limitations"). "[T]olling lasts only until the plaintiff regains capacity." *Estate of Stern v. Tuscan Retreat, Inc.*, 725 Fed. Appx. 518, 522 (9th Cir. 2018).

Plaintiff alleges that her husband was hospitalized from April 2021 to February 2022. It is during this time that Plaintiff alleges Defendants interfered with her right to familial association. After that time Plaintiff alleges she participated in legal proceedings concerning his care and placement until April 2023. Thus, Plaintiff was not incapacitated at the time her claims accrued in 2021 and 2022. This action was not filed until September 2025, which is more than three years after her husband was released from Defendant's hospital in February 2022. The Court finds that Plaintiff's section 1983 claim is barred by the two-year statute of limitations.

Plaintiff's state law negligence claim is similarly time-barred. Negligence claims are subject to a two-year statute of limitations under California Code of Civil Procedure § 335.1. *See Wieser v. Mr. Cooper Group, Inc*., No. 2:24-cv-01910-DJC-CSK, 2025 WL 252822 at * 3 (E.D. Cal. Jan. 21, 2025) ("In California, negligence claims, whether for "ordinary negligence" or

"professional negligence," are subject to a two-year statute of limitations."). Plaintiff's claim was not filed until more than three years after her husband was released from Defendant's care.

A claim may be dismissed for failure to state a claim when it is apparent from the face of the complaint that it is barred by the applicable statute of limitations. *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010). The Court has determined that Plaintiff's section 1983 claim is time barred, and Plaintiff additionally fails to state a claim because she has not adequately pled state action. Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. However, a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court has already allowed Plaintiff two opportunities to amend and finds that further amendment would be futile. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad").

III. CONCLUSION

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Second Amended Complaint and this action be dismissed without leave to amend for failure to state a claim; and

2. The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

////

////

////

specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE